**Pedro G. BAGUNAS, Jr., Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,**
**Respondent.**

No. 03–3184.

United States Court of Appeals,
Federal Circuit.

DECIDED: Aug. 11, 2003.

Rehearing and Rehearing En Banc
Denied Oct. 16, 2003.

Before MICHEL, DYK, and PROST,
Circuit Judges.

PER CURIAM.

Pedro G. Bagunas, Jr., ("Bagunas") seeks review of the January 22, 2003, decision of the Merit System Protection Board ("Board"), No. SF3443020181–B–1, 93 M.S.P.R. 375, 2003 WL 165763, dismissing his claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the Veterans Employment Opportunities Act of 1998 ("VEOA"). We *affirm.*

I

More than two years after not being selected for a position in the United States Postal Service's ("Agency") Associate Supervisor Program in July 1999, Bagunas, on November 6, 2001, filed a complaint with the Department of Labor ("DOL") alleging that his veterans' preference rights were violated by his nonselection. DOL dismissed the complaint because it had not been filed within the requisite 60-day period after the alleged violation pursuant to 5 U.S.C. § 3330a(2)(A). On December 14, 2001, Bagunas appealed to the Board, seeking review of DOL's dismissal of his complaint and alleging that discrimination based on his military service was a motivating factor in his nonselection in violation of USERRA. After receiving responses to an Order to Show Cause, the Administrative Judge issued an initial decision dismissing the appeal for lack of jurisdiction. Specifically, Bagunas's VEOA claim was dismissed because the Board concluded that he had failed to file a timely complaint with the DOL. His USERRA claim was dismissed because the Administrative Judge found that Bagunas alleged only discrimination based on disability rather than discrimination based on his military service. On March 6, 2002, Bagunas filed a petition for review by the Board. The Board, in a June 28, 2002 decision affirmed the dismissal of Bagu-

nas's VEOA claim but remanded his US-ERRA claim for further proceedings, holding that Bagunas had sufficiently alleged a claim of discrimination based on military service. *Bagunas v. United States Postal Serv.*, 92 M.S.P.R. 5 (2002). On October 8, 2002, the Administrative Judge, after opening the record for further discovery and holding a hearing, denied Bagunas's request for corrective action pursuant to USERRA, finding that discrimination based on military service was not a motivating factor in Bagunas's nonselection. Bagunas again petitioned for Board review, which was denied on January 22, 2003. Bagunas timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

We may upset a final decision of the Board only when that decision is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1). When a Board decision rests on findings of fact, we may not disturb any fact-finding that is supported by substantial evidence. *Id.* § 7703(c)(3). Whether the Board has jurisdiction is a question of law, which we review without deference. *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985).

With respect to his USERRA claim, Bagunas asks this court to reverse the Board and "find that based on the evidence, [a] violation has occurred and order relief." In essence, Bagunas contends that the Administrative Judge erred in concluding that discrimination based on military service was not a substantial or motivating factor in the Agency's failure to select him. Having reviewed the record before us, we conclude that the Administrative Judge's conclusion was based on substantial evidence, and, therefore, we decline to disturb this determination.

With respect to his VEOA claim, Bagunas argues that the Board "failed to consider evidence that the agency was aware of [his] veteran preference status, but failed to provide notice of [his] appeal rights." He further contends that "the MSPB should have applied *Wood v. Department of the Air Force*, 54 M.S.P.R. 587 (1992) because the agency did not advise [him] of [his] appeal rights."

In *Wood*, the Board outlined three circumstances in which filing deadlines might be excused. It noted that waiver had been granted where (1) the statute or regulation specifies the circumstances for waiver, (2) grounds for equitable tolling are shown, and (3) an agency's failure to give mandatory notice of appeal rights warrants vitiation of the time limit for filing an appeal. *Wood*, 54 M.S.P.R. at 592. Bagunas contends that the failure of the Agency to provide him notice of his "appeal rights" warrants waiver under both (2) and (3).

As an initial matter, we note that *Wood* is not directly applicable to the facts of this case because it involved notice of appeal rights to the Board under the Whistleblower Protection Act, rather than notice of the right to file an initial complaint with DOL under the VEOA. However, even if the general principles of *Wood* were applied here, Bagunas has failed to allege any facts that would support waiver. Excusable neglect is not enough to establish a basis for equitable tolling. There must be some compelling justification for delay, such as "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dept. of Veterans Admin.*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Here, Bagunas simply does not assert any misconduct of the type that would justify equitable tolling.

With respect to the failure to provide mandatory notice, Bagunas does not cite any statute or regulation under which he should have been provided notice of his right to file a complaint under 5 U.S.C. § 3330a. There is no statutory or regulatory provision providing for waiver. Absent some affirmative duty by the government to inform Bagunas that he had a right to file a complaint with DOL, Bagunas's argument based on *Wood* is unpersuasive.

Accordingly, because the filing of a timely complaint with the DOL is a prerequisite to Board jurisdiction and because Bagunas has not demonstrated that his failure to do so should have been excused, we conclude that the Board was correct in ruling that it had lacked authority over Bagunas's claim.

The decision of the Board is affirmed.